# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE: PAUL UTAH

19-CV-10733; 19-CV-10734; 19-CV-10735; 19-CV-10774; 19-CV-10778; 19-CV-10779 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Over three days in 2019, Plaintiff Paul Utah filed seven *pro se* cases in this District, and the Court granted Plaintiff leave to proceed *in forma pauperis* (IFP). The Court dismissed six of those cases as frivolous and denied Plaintiff leave to amend his complaints because the deficiencies in his pleadings could not be remedied with an amendment. The Court also warned Plaintiff that if he persisted in abusing the privilege of proceeding IFP, the Court would bar him, under 28 U.S.C. § 1651, from filing any new complaint without prior permission. *See Utah v. TD Bank*, ECF 1:19-CV-10735, 5 (S.D.N.Y. Dec. 3, 2019) (collecting cases and issuing warning).

Since then, Plaintiff has filed amended complaints in the six closed cases; in some instances, he has filed multiple amended pleadings in the same case. *See Utah v. Starbucks Corp.*, No. 19-CV-10733 (No. 7); *Utah v. Barnes & Noble*, No. 19-CV-10734 (No. 7); *Utah v. TD Bank*, No. 19-CV-10735 (Nos. 7-9); *Utah v. State of Police of New York*, ECF No. 19-CV-10774 (Nos. 8-11); *Utah v. New York Police Dep't*, No. 19-CV-10778 (Nos. 7-12); *Utah v. Shoprite Corp.,* No. 19-CV-10779 (Nos. 9-10).

The Court dismissed these cases as frivolous, and denied Plaintiff leave to amend. Under these circumstances, Plaintiff is not entitled to amend his pleadings, and the Court will not review these submissions or otherwise respond to them. The Court's prior warning under 28 U.S.C. § 1651 remains in effect.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, noting service on the docket.

The Clerk of Court is further directed to docket this order in all the cases listed above.

The Court will accept for filing only documents that are directed to the Second Circuit Court of Appeals. If Plaintiff files frivolous or meritless documents in any of these cases, or if Plaintiff files any new frivolous actions, the Court will order him to show cause why a filing injunction should not be imposed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 31, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge